UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:19-CR-00198**<br>**CASE NO. 3:21-CV-01755** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **THOMAS A DICKERSON (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a *pro se* Motion to Vacate under 28 U.S.C. § 2255 filed by Defendant Thomas A. Dickerson ("Dickerson") [Doc. No. 34].

The Motion to Vacate under 28 U.S.C. § 2255 was filed on June 21, 2021. A response [Doc. No. 37] was filed by the United States of America ("USA") on June 28, 2021.

For the following reasons, Dickerson's Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 34] is DENIED.

### I. BACKGROUND AND PROCEDURAL HISTORY

On June 25, 2019 a bill of information was filed charging Dickerson with two counts of making false statements to the Commodity Credit Corporation ("CCC") in violation of 15 U.S.C. § 714m(a) [Doc. No. 1]. The alleged actions of Dickerson occurred on or about September 29, 2015, and January 2, 2016, when Dickerson applied for a marketing assistance loan through CCC. *Id*. On July 15, 2019, Dickerson plead guilty to both counts of the bill of information [Doc. No. 6]. A Pre-Sentence Investigation Report ("PSR") was ordered. The PSR listed the guideline range for Count 1 as sixty (60) months of imprisonment and for Count 2 as ten to twenty-seven (10-27) months. Thereafter, Dickerson submitted three objections, along with filing a Motion for Downward Departure or in the alternative, for a Variance from the guideline range [Doc. No. 16].

The Court then denied Dickerson's objections to the PSR and denied his Motion for Downward Departure or Variance.

The Court imposed a sentence of sixty (60) months on each Count to run consecutively for a total term of imprisonment for one-hundred twenty (120) months [Doc. No. 22]. Additionally, the Court entered judgment of supervised release for three (3) years as to each count with restitution in the amount of $18,048,304.71. *Id*.

In the Motion to Vacate [Doc. No. 37], Dickerson argues that he was deprived of his rights guaranteed by the Fifth and Sixth Amendments of the United States Constitution by having ineffective counsel during the appellate stage of his criminal case [Doc. No. 34]. He states that his former counsel failed to support the contentions that the sentence imposed on him involved unwarranted sentencing disparity, resulting in prejudice. *Id*. Dickerson argues that appellate counsel only offered mere statistics instead of controlling precedent because of Dickerson's lack of resources. *Id.* Therefore, Dickerson seeks a new sentence within the calculated guideline range of seventy (70) to eighty-seven (87) months imprisonment. *Id.*

In response to Dickerson's Motion to Vacate, the USA claims that the Dickerson failed to provide the necessary research that the attorney could have presented on appeal that would have changed the outcome of the case [Doc. No. 37]. Dickerson provided no effectual precedent or reasoning that would add to the statistics that Dickerson's counsel did provide to the Court. He merely criticizes his former counsel's research that was conducted for his case.

II.   **LAW AND ANALYSIS**

In *Strickland v. Washington*, the Supreme Court of the United States provided a two-prong test to determine if counsel were unreasonable and due to their unreasonableness and ineffective actions, resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prove

that counsel was ineffective, the defendant must validate both prongs of this test. *United States v. Kimler*, 167 F.3d 889, 893 (5th. Cir. 1999). When evaluating counsel's performance, the judicial scrutiny is highly deferential to avoid "the distorting effects of hindsight." *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009).

The first prong of the *Strickland v. Washington* test states that the defendant must show that his attorney's performance was deficient. *Strickland*, 466 U.S. 668 at 687. Dickerson alleges that, despite not having enough resources, it is his constitutional right for counsel to undertake necessary investigation. However, Dickerson does not provide what the necessary investigation could have been. The counsel admitted there was a lack of resources to specifically detail every similar case from 2018 to 2019, but that does not automatically establish a breach of one's rights guaranteed by the Constitution. Dickerson, in his Motion to Vacate, cites to *Ex Parte Briggs*, which held that on behalf of the defendant, there was ineffective counsel due to lack of economic resources. *Ex Parte Briggs*, 187 S.W.3d 458, 467 (5th Cir. 2005). However, in that case, the attorneys thoughtlessly vacated the obvious defense strategy by not raising the sole issue of the case. *Id.* Here, that is not the case. Dickerson's attorney did raise the issue of the case by arguing that there was unwarranted sentence disparity, and he used national averages to support that assumption. Therefore, unlike in *Ex Parte Briggs*, Dickerson's counsel did raise the main issue of the appeal with supporting characteristics.

Because Dickerson failed to establish the first prong of the *Strickland* test, the second prong will not be discussed.

Therefore, Dickerson's Motion to Vacate is DENIED.

### III. CONCLUSION

For the reasons set forth herein, IT IS ORDERED that Dickerson's Motion to Vacate

under 28 U.S.C. § 2255 [Doc. No. 34] is DENIED.

MONROE, LOUISIANA, this 29th day of June 2021.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　TERRY A. DOUGHTY
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE